UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| VERANDA PARK COMMERCIAL ) | Case No. 6:09-bk-10338-KSJ | |
| PROPERTY OWNERS ASSOCIATION, ) | Chapter 7 | |
| INC., ) | | |
| ) | | |
| Debtor. ) | | |
| ) | | |
| | | |
| MARIE HENKEL, CHAPTER 7 ) | | |
| TRUSTEE, ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Adversary No. 6:10-ap-00301-KSJ | |
| ) | | |
| WESTPOINTE L.L.C., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| | | |
| WESTPOINTE L.L.C., ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Adversary No. 6:12-ap-00130-KSJ | |
| ) | | |
| MARIE E. HENKEL, CHAPTER 7 ) | | |
| TRUSTEE, GEOSAM VERANDA, LLC, ) | | |
| and VERANDA PARK INTERIM ) | | |
| ASSOCIATION, INC., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

**MEMORANDUM OPINION DENYING DEFENDANT'S
MOTIONS TO REOPEN AND TO SET ASIDE JUDGMENT IN
<u>10-AP-301 AND GRANTING TRUSTEE'S MOTION TO DISMISS 12-AP-130</u>**

In November 2010, Marie Henkel, the Chapter 7 Trustee in this bankruptcy case, filed an adversary complaint against Westpoint L.L.C., the developer (the "Developer") of Veranda

Park, a mixed-use commercial, office, and residential complex in Orange County, Florida.[1] At the time the adversary proceeding was commenced, Veranda Park had not been completed. The Developer had abandoned the project and was not operating any business. The Trustee's complaint sought a declaration that:

(1) A *de facto* turnover of control of the Debtor's property owners association (POA) had occurred and all of Developer's rights and privileges under the Declaration and the organizational documents of the POA, including the articles of incorporation and by-laws, are transferred to the POA;
(2) Developer shall have no vote or control over any affairs of the POA; and
(3) All Developer owned land in Veranda Park was now property of the POA.[2]

The Trustee properly served the complaint and summons both by U.S. mail and by process server. Mr. Kevin H. Azzouz, registered agent for the Developer, was served at an address confirmed as a private mail box location for the developer.[3] The Trustee published notice of the adversary proceeding in The Orlando Business Journal and the Orlando Sentinel.[4]

The Developer did not appear or otherwise participate in the adversary proceeding brought by the Trustee. An Amended Default Final Judgment was entered on April 4, 2011.[5] The Court found service of the complaint was proper[6], and the Trustee was entitled to the relief sought in the complaint.[7] The Amended Default Final Judgment identified four parcels of Developer-owned property in Veranda Park, consisting of Lot 7 and Tracts A, D, and E.[8] The Court specifically found the parcels were common areas with little or no economic value except

---

[1] Adversary Proceeding No. 6:10-ap-00301-KSJ
[2] Doc. No. 1 ¶¶ 31, 44.
[3] Doc. No. 11.
[4] Doc. No. 14.
[5] Doc. No. 20.
[6] *Id.* ¶ 36.
[7] *Id.* ¶ 37.
[8] *Id.* ¶ 16.

to the POA and its members[9] and transferred all four parcels to the POA.[10]  The Developer took no appeal from the Amended Default Final Judgment.

Almost eighteen months later, on September 20, 2012, the Developer moved to set aside the Amended Default Final Judgment.[11]  The Developer seeks to reopen the 2010 adversary proceeding for the purpose of vacating the default judgment.[12]

The Developer concedes the complaint and summons in 10-ap-301 were properly served. It also admits Lot 7 was Developer-owned land in Veranda Park at the time of the judgment. However, the Developer argues the default judgment is void to the extent it transferred Lot 7 to the POA.[13]  The Developer argues the Trustee's complaint did not specifically request turnover of Lot 7 and was inadequate to put it on notice that Lot 7 might be conveyed to the POA. The Developer argues it was denied due process of law in transferring Lot 7 to the POA.

The Developer also has attacked the Amended Default Final Judgment by filing its own separate adversary proceeding against the Trustee and subsequent owners of Lot 7 seeking a declaration that the Amended Default Final Judgment is void.[14]  The Developer's complaint alleges Lot 7 was not a common area, Lot 7 should not have been transferred to the POA, and the default judgment is premised on a misrepresentation by the Trustee.  The Trustee opposes the Developer's motions to reopen and vacate the default judgment in adversary proceeding 10-ap-301 and has moved to dismiss the Developer's complaint in adversary proceeding 12-ap-130.[15]

---

[9] *Id.*
[10] *Id.* ¶ 44.
[11] Doc. No. 22.
[12] Doc. No. 23.
[13] The Developer also claims it did not know of the adversary proceeding prior to the judgment. This assertion is irrelevant in light of the fact that service of process was proper. Mr. Azzouz, as the last-named Manager of Developer and Director and Officer of the POA, appeared in the main case through counsel on August 27, 2009, and received electronic notification of <u>all</u> filings in the adversary proceeding.  As such, the Court concludes the Developer received actual and timely notice of the 2010 adversary proceeding and the current assertion of lack of notice or knowledge is disingenuous. The Developer simply chose to ignore the 2010 adversary proceeding.
[14] 12-ap-130, Doc. No. 11.
[15] 12-ap-130, Doc. No. 12.

The standard for setting aside a default judgment is provided by Fed. R. Civ. P. 60(b).[16] The rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Motions brought for reasons (1), (2), and (3) must be made within a year after the entry of judgment.[17]

The Developer's motions to reopen and to set aside the default judgment in 10-ap-301 were filed more than a year after the default judgment was entered. Its arguments based upon misrepresentation by the Trustee are untimely pursuant to Fed. R. Civ. P. 60(c)(1) and will not be considered by the Court.

In an attempt to avoid the timing problem, the motions argue the default judgment is void (reason (4) in Fed. R. Civ. P. 60(b)) because it granted relief not requested by the Trustee's complaint. The Developer argues the complaint sought turnover of only three parcels enumerated therein — Tracts A, D, and E — not Lot 7.

---

[16] Fed. R. Civ. P. 55(c) ("The court may set aside . . . a default judgment under rule 60(b)."); see also Fed. R. Bankr. P. 9024 ("Rule 60 F.R.Civ.P. applies in cases under the Code. . . .").
[17] Fed. R. Civ. P. 60(c)(1).

The Developer is incorrect. The complaint in 10-ap-301 plainly sought transfer to the POA of "all Developer owned land in Veranda Park."[18] Lot 7 was Developer-owned land in Veranda Park. The properly-served complaint put the Developer on notice that Lot 7 might be transferred to the POA. The Developer had actual knowledge of the allegations, chose not to answer the Trustee's complaint, and was not denied due process of law in the transfer of Lot 7.

The Amended Default Final Judgment complies with Fed. R. Civ. P. 54(c). The transfer of Lot 7 to the POA is not a remedy differing in kind from or exceeding in amount the remedy demanded in the pleadings.[19] The complaint sought turnover of all Developer-owned land in Veranda Park. Turnover of Lot 7 is plainly within the scope of this demand.

Finally, responding to the Trustee's motion to dismiss its amended complaint recently filed in Adversary Proceeding No. 12-130, the Developer argues the amended complaint states a claim for relief pursuant to Fed. R. Civ. P. 60(d)(1), which allows courts to entertain independent actions to relieve a party from a judgment. Again, the Developer is incorrect.

The Developer's amended complaint alleges misrepresentation by the Trustee as the basis for voiding the Amended Default Final Judgment. Rule 60 authorizes independent actions for relief from a judgment in cases of fraud, accident, or mistake 'which prevented the defendant in the judgment from obtaining the benefit of his defense[.]"[20] The Developer's complaint alleges the Trustee misrepresented the status of Lot 7 as common area with little or no economic value except to the POA and its members. The Developer alleges these misrepresentations occurred in the Trustee's motion for default judgment and supporting affidavit. Misrepresentations in sworn testimony —

---

[18] Doc. No. 1 ¶¶ 31, 44.
[19] "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).
[20] *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (citing *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970); *see also S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 273-74 (11th Cir. 1988).

indeed, even perjury — do not provide a sufficient basis for an independent action.[21]  "This is the type of fraud which the litigants should discover; it does not prevent a party from gaining access to an impartial system of justice."[22]

The amended complaint in Adversary Proceeding No. 12-130 fails to state a claim upon which relief can be granted. The Trustee's motion to dismiss the complaint[23] is granted.  The amended complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

The developer's motions to reopen adversary proceeding 10-ap-301[24] and to set aside the default judgment therein[25] are denied.  The Amended Default Final Judgment remains valid and enforceable.

The hearing previously set for March 21, 2013, at 11:00 a.m. is cancelled.

DONE AND ORDERED in Orlando, Florida, on March 15, 2013.

*[signature]* K.O.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[21] *Gore*, 61 F.2d at 1551.
[22] *ESM Group*, 835 F.2d at 273-74 (citing *Gore*, 61 F.2d at 1552).
[23] Doc. No. 13.
[24] Doc. No. 23.
[25] Doc. No. 22.